UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                        Case No. 15-52946

CHARMAINE LENORE DAVEY,                       Chapter 7

          Debtor.                           Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING MOTION TO COMPEL COMPLIANCE
WITH 11 U.S.C. § 521(a)(2) AND TO DELAY ENTRY OF DISCHARGE**

      This case is before the Court on 21st Mortgage Corporation's Motion to Compel Compliance with 11 U.S.C. § 521(a)(2) and to Delay Entry of Discharge, filed November 25, 2015 (Docket # 21, the "Motion"). The Motion relates to a manufactured home in which Debtor granted a prepetition security interest to 21st Mortgage. In her Statement of Intention, Debtor stated an intention to surrender the home, but 21st Mortgage claims she has not yet done so.

      Citing 11 U.S.C. § 521(a)(2), 21st Mortgage requests "entry of an order compelling the Debtor to comply with her Statement of Intention," or to amend her Statement of Intention, so that 21st Mortgage can take possession of the home. Motion at 2. The Motion also states that the Court "should delay issuance of a discharge in this case until Debtor has fully complied with 11 U.S.C. § 521(a)(2) by surrendering the Manufactured Home to 21st Mortgage." *Id.* Debtor did not respond to the Motion, and 21st Mortgage filed a Certification of Non-Response on December 17, 2015 (Docket # 28).

      The Court concludes that the Motion must be denied, because the Bankruptcy Code does not permit the relief sought by the Motion.

      Section 521(a)(2)(A) requires a debtor to provide a statement of intention regarding debts secured by property of the estate. Section 521(a)(2)(B) requires the debtor to perform her stated

intention within 30 days after the first date set for the meeting of creditors (unless the court grants an extension). Neither of these subsections provides an enforcement mechanism for a debtor's failure to comply. Indeed, subsection B goes on to provide that "nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h)." 11 U.S.C. § 521(a)(2)(B). Section 362(h), in turn, states that with certain exceptions, if a debtor fails to comply with her stated intention in a "timely" manner, the property "shall no longer be property of the estate." 11 U.S.C. § 362(h)(1)(B). Once the property is no longer property of the bankruptcy estate, the automatic stay terminates with respect to actions against that property. *See* 11 U.S.C. § 362(c)(1).

The language preserving a debtor's rights in property of the estate in § 521(a)(2)(B), including her present right to possession, combined with the reference to § 362(h), indicates that termination of the automatic stay is a secured creditor's only remedy for a debtor's failure to comply with her Statement of Intention in a timely manner. *See, e.g.*, Collier on Bankruptcy, Chapter 521, ¶ 521.14.5 (2015) ("The sole exception to the saving clause is that failing to take certain actions under the provision results in relief from the automatic stay in some cases under section 362(h) slightly earlier than would ordinarily occur."). 21st Mortgage does not cite any provision of the Bankruptcy Code, or any other authority, suggesting otherwise.

The Court therefore concludes that 21st Mortgage is not entitled to an order compelling Debtor to comply with § 521(a)(2), or to a delay in the entry of Debtor's discharge. 21st Mortgage is limited to relief from the automatic stay. However, in this case, that relief is unnecessary, because 21st Mortgage was already granted relief from the stay by Order entered

October 16, 2015 (Docket # 17), well before the present Motion was filed. As a result, and because § 521(a)(2) provides no alternative remedies, 21st Century must seek relief in state court, rather than in this Court, if it wishes to obtain a court order for possession of the manufactured home.

Finally, the Court finds it unnecessary to enter an order finding that the manufactured home is no longer property of the estate. Shortly after entry of this Opinion and Order, this chapter 7 bankruptcy case will be closed. The pendency of the present Motion is the only thing that has kept this case open since December 8, 2015. The Chapter 7 trustee filed his report of no distribution on October 22, 2015, and Debtor received her Chapter 7 discharge on December 8, 2015; no adversary proceedings are pending and no other motions are pending. The case has remained open only for resolution of the Motion. Under § 554(c) of the Bankruptcy Code, because the manufactured home was a scheduled asset (*see* Schedules B and D at Docket # 1), it will be deemed abandoned "at the time of the closing of a case." 11 U.S.C. § 554(c). In all relevant respects, the automatic stay will terminate when this case is closed.

For all of these reasons,

IT IS ORDERED that the Motion (Docket # 21) is denied.

**Signed on December 18, 2015**      /s/ **Thomas J. Tucker**
                                  **Thomas J. Tucker**
                                  **United States Bankruptcy Judge**